**United States Bankruptcy Court**
**Eastern District of Pennsylvania**

By: Michael I. Assad (#330937)
Law Office of Mike Assad, P.C.
923 Haddonfield Road, Suite 336
Cherry Hill, NJ 08002
609-808-3300
mike@assad.law
*Attorney for Debtor*

In re: Lachanta Kanane Barnes,

*Debtor*.

| | |
|---|---|
| Case No.: | 26-12886-djb |
| Chapter: | 13 |
| Hearing Date: | September 24, 2026 |
| Judge: | Derek J. Baker |

**Debtor's Response to Toyota Motor Credit Corp.'s**
**Objection to Confirmation of Chapter 13 Plan**

**AND NOW**, Debtor Lachanta Kanane Barnes, through her attorney, responds to the Objection to Confirmation of Chapter 13 Plan filed by Toyota Motor Credit Corp. ("Toyota") on August 29, 2026 (ECF No. 29) (the "Objection"), and asks the Court to overrule it.

## I. Introduction

Toyota's sole complaint is that the Plan "fails to provide treatment for Movant's Proof of Claim." Objection ¶ 8. But the Plan treats the claim just as 11 U.S.C. § 1325(a)(5)(B) allows: it pays Toyota's $14,740 allowed secured claim in full, with lien retention and 8.75% interest ($18,252 in all), and treats the rest as unsecured. Toyota's own exhibit shows that the Debtor bought the car more than four years before filing, so the 910-day rule does not bar bifurcation. And Toyota's only evidence of value is a bare $19,475 typed on its claim form. The Court should overrule the Objection.

## II. Background

1. On January 26, 2022, the Debtor signed a Retail Installment Sale Contract to buy a 2022 Toyota Corolla, VIN JTDP4MCE3N3502234 (the "Vehicle"), for personal, family, and household use. The contract was assigned to Toyota, which holds a lien on the title.

2. The Debtor filed this Chapter 13 case on July 8, 2026.

3. On August 1, 2026, Toyota filed its proof of claim (Claim No. 5), which itemizes a $17,169.19 debt as of the petition date ($16,885.73 principal, $11.54 interest, and $271.92 late charges), including $1,401.17 in prepetition arrears. Line 9 of the claim form asserts that the Vehicle is worth $19,475, with no appraisal, guide report, or other valuation support attached.

4. On August 18, 2026, the Debtor filed her Plan (ECF No. 23). It pays Toyota's allowed secured claim of $14,740 in full with 8.75% present-value interest, for a total distribution of $18,252, and treats the balance as a general unsecured claim. Plan, Parts 4(c), 5(b), 9(a).

5. The Plan itself serves as the motion to value the collateral: Part 9(a) asks the Court to determine the allowed secured claim under § 506(a) and Fed. R. Bankr. P. 3012(b) at confirmation. The Debtor served the Plan and a separate notice of the proposed lien modification and confirmation hearing (ECF No. 25) on Toyota by first-class mail addressed to its Chief Legal Officer, as Fed. R. Bankr. P. 7004(b)(3) provides and Rule 3012(b) requires for a valuation request made in a plan. ECF No. 27.

6. The same day, the Debtor filed a sworn declaration (ECF No. 24) establishing that the Vehicle had about 104,000 miles on the petition date, high mileage for a 2022 model due in part to rideshare driving, and attaching a Kelley Blue Book report (ECF No. 24-1) keyed to the VIN, mileage, equipment, and condition, which reports a $14,740 value.

7. Toyota filed its Objection on August 29, 2026 (ECF No. 29), attaching the sale contract and a title record, but no appraisal or other evidence of value.

8. The confirmation hearing is scheduled for September 24, 2026, at 9:30 a.m.

## III. Response to the Objection's Numbered Paragraphs

9. Paragraphs 1, 2, 4, and 5 of the Objection are admitted.

10. Paragraph 3 is admitted, except that the Debtor entered into the Retail Installment Sale Contract with CP Springfield LLC, which assigned it to Toyota.

11. Paragraph 6 is admitted, except there is no "Mortgage" in this case; the claim is secured only by the Vehicle.

12. Paragraph 7 is admitted, except that the Plan's total secured distribution is $18,252 rather than the $18,525 stated in the Objection. Plan, Parts 2(e)(D), 4(c).

13. Paragraph 8 is denied.

## IV. Argument

### A. The Plan gives Toyota everything § 1325(a)(5)(B) requires.

14. Parts 4(c) and 9(a) pay Toyota's $14,740 allowed secured claim in full, provides that Toyota retains its lien, and adds 8.75% present-value interest, for a total of $18,252. Part 5(b) pays the deficiency pro rata with other unsecured claims. That is the treatment the Code prescribes for an allowed secured claim. § 1325(a)(5)(B). And because the collateral is a car rather than the Debtor's principal residence, the Plan may modify Toyota's rights. § 1322(b)(2). The Plan's text refutes the charge that it "fails to provide treatment" for the claim.

### B. The 910-day rule does not bar bifurcation.

15. The hanging paragraph after § 1325(a)(9) blocks bifurcation of a purchase-money vehicle claim only when the debt was incurred within the 910 days before the petition. Toyota's

own Exhibit A shows the Debtor incurred this debt on January 26, 2022, more than four years (1,624 days) before the petition. Section 506(a) therefore splits the claim: secured to the Vehicle's value, unsecured for the rest.

**C. The Plan need not separately cure the arrears.**

16. The Plan restructures Toyota's entire $17,169.19 claim under §§ 506(a) and 1325(a)(5)(B) rather than curing a default and maintaining payments under § 1322(b)(5). The $1,401.17 arrearage is part of the restructured claim, so nothing is left untreated.

**D. The Debtor's valuation evidence overcomes the bare number on the claim form.**

17. The measure is replacement value as of the petition date: for property acquired for personal, family, or household use, the price a retail merchant would charge "considering the age and condition of the property." § 506(a)(2); see Associates Commercial Corp. v. Rash, 520 U.S. 953, 965 (1997) (adopting the replacement-value standard that § 506(a)(2) later codified). The statutory command to consider age and condition calls for a price specific to a 104,000-mile car driven for rideshare work, and any retail figure must shed value the Debtor does not receive by keeping her own vehicle, such as dealer warranties and reconditioning. See Rash, 520 U.S. at 965 n.6. Under In re Heritage Highgate, 679 F.3d 132, 139–40 (3d Cir. 2012), the Debtor need only come forward with evidence rebutting the value asserted on the proof of claim; the burden of persuasion then rests on Toyota to prove the value of its collateral by a preponderance of the evidence. The Debtor has done far more than rebut it: her sworn declaration establishes the Vehicle's 104,000 miles, and the attached Kelley Blue Book report, keyed to the VIN, mileage, equipment, and condition, values the Vehicle at $14,740. ECF Nos. 24, 24-1. An owner may also testify to her property's value. Fed. R. Evid. 701. Against that, Toyota offers only the unexplained

$19,475 on line 9 of its claim form, unsupported by any appraisal, guide report, stated methodology, or testimony. Its Objection adds nothing. On this record, the Court should fix the allowed secured claim at $14,740.

**E. The 8.75% rate exceeds what Till requires.**

18. The prime rate is 6.75%. Federal Reserve Statistical Release H.15, Selected Interest Rates (Aug. 28, 2026), https://www.federalreserve.gov/releases/h15/. The Plan's 8.75% rate is prime plus 2%, in the middle of the 1% to 3% adjustment range that Till v. SCS Credit Corp., 541 U.S. 465, 480 (2004), endorsed, and well above the 4.99% contract rate. Toyota will receive the full present value of its allowed secured claim.

**Conclusion**

**FOR THOSE REASONS,** the Court should overrule the Objection, determine Toyota's allowed secured claim to be $14,740 under § 506(a) and Rule 3012, confirm the Plan, and grant relief in the form of the attached order, together with such further relief in the Debtor's favor as is necessary and proper under the law.

Date: August 29, 2026

**LAW OFFICE OF MIKE ASSAD, P.C.**
*Attorney for Debtor*

By: /s/ Michael I. Assad
Michael I. Assad